IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INS. CO.,<br><br>            Plaintiff,<br><br>   v.<br><br>M.R., et. al.,<br><br>            Defendants.<br>_____ / | No. C-06-0305 EDL<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

Plaintiff Metropolitan Life Insurance Co. insured decedent William A. Rollins under a Federal Employees Group Life Insurance (FEGLI) policy. Unable to determine the proper beneficiary or beneficiaries to the life insurance proceeds, Plaintiff filed this interpleader action. Plaintiff deposited the proceeds, plus interest, into the Court's registry. On April 11, 2006, Plaintiff was dismissed from this case.

On May 9, 2006, Defendants M.R. and R.R. filed a motion for summary judgment alleging that there is no triable issue of fact that they are the proper beneficiaries of the life insurance proceeds. The motion is unopposed. Because this motion is appropriate for determination without oral argument, the Court vacated the June 13, 2006 hearing. For the reasons set forth below, Defendants' motion for summary judgment is GRANTED.

**STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. See Anderson v Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. See id. The court may not weigh the evidence. See id. at 225. Rather, the nonmoving party's evidence must be believed and "all justifiable inferences must be drawn in [the nonmovant's] favor." United Steelworkers of America v Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing Liberty Lobby, 447 U.S. at 225). The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986).

**FACTS**

William Rollins, who was insured by a FEGLI policy, died on May 20, 2002. Aff. of Sheree Watts at 2:23-24; Ex. H. It is undisputed that there was no beneficiary designated to receive the life insurance proceeds. At the time of his death, decedent was not married and had one living natural child, R.R., age 17, and one non-biological child, M.R., age 16. See Aff. of Dennis O'Brien at 2:3-4; Watts Aff. at 1: 26-27; 2:16-19; 2:25-26. Both children are represented as Defendants/Claimants in this action by their biological mother, Sheree Watts (Watts), who has been appointed to both as Guardian Ad Litem. See Watts Aff. at 1:22-25.   Watts has submitted claims for the Death Benefits for the insurance proceeds on behalf of each child. Id. at 1: 22-25.

**DISCUSSION**

The FEGLI statute governing the life insurance policy at issue provides that if the insured has not designated beneficiaries and has no widow or widower, proceeds go to the insured's "child or children." 5 U.S.C. §8705.[1] "Child" is defined as "a legitimate child, an adopted child, or a

---

[1] 5 U.S.C. §8705 provides in relevant part:

> [T]he amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim,

recognized natural child, of any age." 5 C.F.R. §870.101. Where paternity is not established, a child can be found to be a "recognized natural child" of an insured if there is evidence showing that the child is eligible as a recognized natural child under "other state or federal programs" or if there is proof that the insured included the child as a dependent on his income tax returns. Id. Secondary evidence is admissible to establish a child as a recognized natural child. See Mobley v Metropolitan Life Co., 907 F. Supp. 495 (D.D.C. 1995).

Here, Defendants have shown that there is no triable issue of material fact as to the proper beneficiaries of the interpled insurance proceeds. It is uncontested that R.R. is a legitimate child of the insured and thus a beneficiary under FEGLI. Further, Defendant has provided considerable secondary evidence which demonstrates that M.R. is a "recognized natural child" of the insured. First, the insured obtained an identification and privilege card for M.R. Watts Aff. at 2:1-4; 2-22; Ex G. Second, the Social Security Administration recognizes M.R. as a child of the decedent and pays him social security death benefits based on his status as the decedent's son. See id at 2:14-15. Third, the insured indicated on a Health Benefits Registration Form that his relationship with M.R. was "unmarried dependant child under age of 22." O' Brien Aff.at 1:24-28; 2:1-2; Ex B. Fourth, there is evidence that the insured listed M.R. as a dependent on his tax returns prior to 1994. Watts Aff. at 3:1-3 ("After I began work [after 1994], I then took the boys as dependents on my tax returns"). In addition, the insured had a second life insurance policy naming R.R. and M.R. as equal beneficiaries. Watts Aff. at 2:9-10; Ex. E. Finally, the insured and the mother of M.R. and R.R. signed an informal custody visitation schedule for both R.R. and M.R. Watts Aff. at 2:5-10; Ex. D.

---

to the person or persons surviving at the date of his death, in the following Order of Precedence:
    First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits...
    Second, if there is no designated beneficiary, to the widow or widower of the employee.
    Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation...

3

//

**CONCLUSION**

Accordingly, Defendants' Motion for Summary Judgment is GRANTED. Defendants M.R. and R.R. are entitled to share equally in the full insurance proceeds that Plaintiff interpled with the Court.

**IT IS SO ORDERED.**

Dated: June 15, 2006

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

4